**Marco Antonio REYES, Petitioner,**

**v.**

**Alberto R. GONZALES, Attorney General, Respondent.**

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

**Marco Antonio Reyes, Petitioner,**

**v.**

**Alberto R. Gonzales, Attorney General, Respondent.**

Nos. 04–71499, 04–74822.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 21, 2006 *.

Filed Dec. 29, 2006.

Marco Antonio Reyes, Los Angeles, CA, pro se.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, OIL, DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: GOODWIN, WALLACE, and LEAVY, Circuit Judges.

MEMORANDUM **

Marco Antonio Reyes, a native and citizen of Mexico, petitions pro se for review of the Board of Immigration Appeals' ("BIA") March 1, 2004, order denying his motion to reissue a prior BIA decision, and the BIA's August 26, 2004, order denying his motion to reopen removal proceedings. We have jurisdiction under 8 U.S.C. § 1252. We deny the consolidated petitions for review.

Petitioner has not made any contentions regarding the BIA's March 1, 2004, order in his opening brief, and so petitioner has waived review of this order. *See Martinez–Serrano v. INS*, 94 F.3d 1256, 1259–60 (9th Cir.1996).

As to the BIA's August 26, 2004, order, the BIA did not abuse its discretion in denying petitioner's motion to reopen as untimely, because he did not file the motion within 90 days of the BIA's final order of removal, *see* 8 C.F.R. § 1003.2(c)(2), and did not demonstrate prima facie eligibility for relief under the Convention Against Torture ("CAT"), *see* 8 C.F.R. § 1208.16(c)(2) (applicant for CAT relief must prove "it is more likely than not that he or she would be tortured if removed to the proposed country of removal"); *Mendez–Gutierrez v. Ashcroft*, 340 F.3d 865, 869–70 (9th Cir.2003) ("[P]rima facie eligibility for the relief sought is a prerequisite for the granting of a motion to reopen.").

Petitioner's reliance on *Khourassany v. INS*, 208 F.3d 1096, 1099 & n. 2 (9th Cir.2000), is misplaced. In that case, the 90–day time limit for motions to reopen did not apply because petitioner had been ordered deported before March 22, 1999. *See* 8 C.F.R. § 1208.18(b)(2).

**PETITIONS FOR REVIEW DENIED.**

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.